## No. 1077.

WHEATON J. BATEMAN VS. THE MAYOR AND COUNCIL OF MORGAN CITY.

It is only after a party has been condemned to some penalty under a municipal police or sanitary ordinance, or has been relieved therefrom by the lower Court, that the question of constitutionality of the ordinance can be agitated, on appeal, by either the municipal council or the townsman, and be passed upon by this Court.

APPEAL from the Parish Court, parish of St. Mary. *Mentz, J.*

A. C. Allen for Plaintiff and Appellee.

B. F. Winchester, City Attorney of Morgan City, for defendants and Appellants:

To question or test the authority of the Mayor of Morgan City to enforce the police and sanitary ordinances, and the ordinances relative to private markets of said city, by way of injunction and a claim of damages, before a suit is instituted, is unwarranted in law. Parties should await the enforcement of such ordinances against them, and then test the legality of same by *appeal* from the judgment imposing the penalty in said ordinances prescribed. 27 A. 620.

The opinion of the Court was delivered by

BERMUDEZ, C. J. Apprehending an injurious enforcement against him of a municipal ordinance, which he charges with unconstitutionality, the plaintiff has obtained an injunction to prevent the city authorities from molesting his person and interfering with his business as a private marketman, and, considering that he had already been wronged, he claimed *five* hundred dollars damages from the defendants *in solido.*

On a motion to dissolve, judgment was rendered perpetuating the injunction, but allowing no damages.

From this judgment the defendants have appealed.

As far as can be gathered from the anomalous pleadings, the object of this suit seems to be merely to impugn the validity under the Federal and State Constitutions of a police and sanitary ordinance, the text of which does not, however, appear in·the record.

The plaintiff makes no complaint that any tax, toll, or impost whatever, or any fine, forfeiture, or penalty was actually imposed upon him.

by the municipal corporation of Morgan City ; and that corporation does not aver that the ordinance was declared unconstitutional, and that, on that ground, judgment was rendered in favor of plaintiff. It is not until a party has been condemned to some penalty, or has been relieved therefrom, that the question of constitutionality of a municipal ordinance can be agitated by either party on appeal and passed upon by this Court. 27 A. 620.

We cannot take jurisdiction over the case as presented, and cannot, therefore, pass upon the character of the proceedings, or on the issues raised in the record.   V. art. 81, Const. 1879.

Whether the judgment complained of be susceptible of revision in another *forum*, is a question upon which we express no opinion.

It is therefore ordered that the appeal taken to this Court be dismissed at appellants' costs.